JOHN D. REISTER, JR., *v.* JUANITA R. LANE, COMMITTEE.

[No. 31, October Term, 1938.]

478

*Decided December 1st, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Harry D. Kaufman*, with whom was *H. Lee Brill* on the brief, for the appellant.

*R. Lee Slingluff, Jr.*, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

The appellant, John D. Reister, filed a petition in the Circuit Court of Baltimore City on October 1st, 1937, praying that an order previously passed on the 23rd day of June, 1936, allowing a weekly sum of fifteen dollars for the maintenance, board and care of his sister, Alice

Mildred Reister, a lunatic, be vacated. The court, after considering the facts stated below, refused the relief prayed and dismissed the petition, from which action this appeal was taken.

Miss Reister was adjudged a lunatic on the 18th day of March, 1936, and her sister, Juanita R. Lane, was appointed committee of her person and estate.

The essential averments of the petition are that Alice Mildred Reister had died on December 3rd, 1936, and that the petitioner and Juanita R. Lane were the next of kin of the deceased; that about February, 1936, it was agreed between the petitioner and the sister, Mrs. Lane, that she should be appointed committee for their sister, who should live in the premises 324 N. Monroe Street, owned by Juanita R. Lane and John D. Reister, and that the committee would not charge any board for the said lunatic in consideration of the petitioner's allowing Mrs. Lane and her family to occupy these premises free of any charge for rent; that on September 21st, 1937, the petitioner first learned, to his surprise, that the committee had procured the order to pay fifteen dollars per week for the purposes above recited and the said sum had not been expended for maintenance, board and care by the said committee, but she had appropriated to her own uses the amount so allowed, and the petitioner had requested his sister to file a petition to strike out the order of the court making such allowance, which she had refused to do, and that his sister is not entitled to any allowance out of the estate of the lunatic for such board, maintenance, and care, because of said agreement.

If the alleged contract should be recognized and enforced, the authority of the court in the control and supervision of the person and estate of this lunatic would have been curtailed and she would have been deprived of the enjoyment or benefits of her own property and estate. The welfare of the lunatic cannot thus be dealt with. *Dulaney v. Devries*, 102 Md. 349, 62 A. 743. Such purposes and plans of relatives or others cannot supplant the jurisdiction and authority reposed in the courts over such

afflicted persons. No effort was made to have the court approve the alleged contract and arrangement.

The appellant testified that the rental value of the property in question was $300 to $400 a year or $6 to $8 per week, one half of which would represent his share of the rent per month. For such a sum, he testified, his sister undertook to keep and provide for an aunt, who is senile, and for his imbecile sister, without further compensation. Mrs. Lane was employed as a stenographer at the Johns Hopkins University. She had two children living at home, did, in most part, the cooking and housekeeping, slept with her sister in order the better to care for her, and looked after the needs of the aunt.

The helpless situation and necessities of Alice Mildred Reister required that she should have assistance from her estate, and it was the duty of the court in its best judgment to order it. Doctors' bills were to be met, and medicine, nurse's and servants' wages, physical care, clothes and food were all to be provided for, and discomforts, distress, and care in the home occasioned by such circumstances, were involved. By reason of this condition the committee asked what seemed to the lower court to be a reasonable allowance, but the appellant objected and sought, as stated, to have the order granting the allowance rescinded. On all the facts and the law in the case we see no reason to disturb the order of the chancellor, passed in the exercise of his sound discretion.

On a motion to dismiss the appeal, the appellee contended that the record transmitted was incomplete and insufficient, and that the order appealed from was only an order refusing to rescind a previous order to the same effect, and therefore not appealable. It is sufficient to say that the deficiencies in the record were supplied on a writ of diminution, and the order appealed from was the first order upon proceedings to which the appellant was a party, the original order having been merely *ex parte*.

> *Motion to dismiss the appeal overruled, and order affirmed, with costs to the appellee.*